MORRISON TENT & AWNING COMPANY, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY, Respondent.

St. Louis Court of Appeals. Submitted on Briefs March 2, 1915. Opinion Filed April 6, 1915.

1. COMMON CARRIERS: Delivery of Freight: Deposit on Platform. Under a bill of lading which provides that, when the goods are consigned to a station where the carrier has no agent, the carrier may, regardless of the weather, deposit the goods on the platform, whether there is any one there to receive them or not, a delay of fifty minutes in the arrival of a freight train does not entitle the consignee to notice of the arrival of the goods, especially where it does not appear that the train would have been met had such notice been given; Frank v. Railroad, 57 Mo. App. 181, and Pindell v. Railroad, 34 Mo. App. 675, distinguished.

2. ———: ———: ———: Conversion. Where a bill of lading authorized a carrier to deposit goods on the platform at sta-

tions where it had no agent, the fact that it placed goods in a warehouse on the platform, the key to which was, for the convenience of consignees, and in accordance with the usual custom that obtained there, left with a householder in the vicinity, was not a conversion, rendering it liable for their unexplained loss.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Henry B. Davis, Charles Erd* and *Carlisle Durfee* for appellant.

(1) It is admitted, paragraph 3, agreed statement of facts, that defendant's train carrying the shipment, which is the subject of the present action, arrived at Iberville station behind time. Therefore, it became the duty of defendant to give notice to the consignee of the arrival of the goods, and its failure to do so makes defendant liable to plaintiff in this case. Frank v. Railroad, 57 Mo. App. 181; Pindell v. Railroad, 34 Mo. App. 683; Same case, 41 Mo. App. 84; Chemical Co. v. Railroad, 70 Mo. App. 283; Same case, 100 Mo. App. 180. (2) (a) The contract of defendant, paragraph 7, bill of lading, in evidence, required the goods, on arrival at Iberville, to be deposited on the platform of defendant's station. A delivery at any other place would constitute a conversion, particularly where defendant failed to notify the consignee that the goods had been placed in its warehouse. If goods are accepted for delivery at a specified warehouse, or other particular place, the carrier is bound to deliver at such place, although it is not the ordinary place for delivery at that destination. 6 Cyc. p. 468; Railroad v. Nat'l. E. Co., 153 Ill. 70; Vincent v. Railroad, 49 Ill. 33; Steamship Sultana v. Chapman, 5 Wis. 454; Cox v. Peterson, 30 Ala. 608. (b) Those decisions holding that where there is a bailment for a specific purpose,

and the bailee diverts the property to some other use, or purpose, although the property may not be thereby injured, the bailee is guilty of a conversion, by analogy, also apply to the case at bar. Loeffel v. Pohlman, 47 Mo. App. 574; Bowlin v. Nye, 64 Mass. 416; Murray v. Burling, 10 Johns. 172. (3) Even if defendant had the right, notwithstanding the place of delivery to the consignee was fixed by the terms of the bill of lading, to store the goods, on their arrival, at its warehouse, it was negligence on the part of defendant to place the same in a warehouse not in the direct charge of any agent or servant of defendant, and with the keys at a nearby residence, where they could be procured by any person desiring to enter the warehouse. Pindell v. Railroad, 34 Mo. App. 683; See cases cited under Point I.

*Watts, Gentry & Lee* for respondent.

It is admitted in the agreed statement of facts that the handling of this shipment in question was done in the usual and customary way, namely, the deposit of the goods in the warehouse. (See Appellant's Abstract of Record, p. 6, "That this was the usual course of business at Iberville.") So that respondent made delivery both in accordance with the law and the terms of the contract. 6 Cyc., pp. 465, 466; Notes 12, 13, 14, 15, 16.

REYNOLDS, P. J.—This action, commenced before a justice of the peace, was for the recovery of the value of a consignment of goods which respondent, a common carrier, undertook to transport from the city of St. Louis to Iberville, Louisiana, there to be delivered to the consignee named in the bill of lading. On appeal from a justice of the peace to the circuit court, the cause was tried upon an agreed statement of facts to the court, a jury having been waived.

The agreed statement of facts, so far as here material, sets out that plaintiff, on October 26, 1906, delivered to defendant, at the city of St. Louis, certain merchandise consisting of tents, poles and tent poles, of the value of $97.17, upon which plaintiff had prepaid the freight, for carriage of the goods to Iberville, Louisiana, defendant issuing a bill of lading therefor. The consignment arrived at Iberville at 8:20 o'clock on the forenoon of November 3, 1906, on a freight train which reached that station fifty minutes behind its schedule time. The goods were placed by defendant in a warehouse at the station and the door locked. Iberville was what is commonly known as a flag station, where defendant had no agent at the time of the delivery of the goods and where it was the custom to stop its trains only on signal. The warehouse in which the goods were placed had two doors with locks and keys, one door opening on the platform on the side of the warehouse next to the railroad track, the other door at the back of the warehouse, accessible to wagons. The key of the door next to the station platform was carried by the conductor in charge of the train which brought the goods to Iberville. For the convenience of parties residing near Iberville, the key to the back door of the warehouse was kept at a residence close by, where a party expecting a shipment could get it and see if there was anything in the warehouse for him, that key not being in possession of defendant nor under its control, and that being the usual course of business at Iberville. The conductor of the train upon which the goods were carried to Iberville placed the goods in the warehouse and locked the front door. These goods were never received by the consignee and neither plaintiff nor defendant in this action had any knowledge of the disposition thereof. Whether plaintiff's representative, or the consignee, or anyone representing them had been at the station when the train was due, if on schedule time, or how soon thereafter, or when they

ever looked for them, or demanded the goods, does not appear.

The material clause of the bill of lading is as follows:

"When the goods or packages are consigned to a station where the carrier has no agent, the shipper authorizes and directs that the carrier shall upon the arrival of the train, by day or by night, and regardless of the weather, deposit the goods or packages upon the platform, whether there be any one there to receive them or not, and the shipper agrees that the carrier's liability shall end upon such deposit, and that such deposit shall be considered a delivery to the consignee."

At the conclusion of the hearing the court took the cause under advisement and finding for defendant rendered judgment in its favor and against plaintiff. From this plaintiff has duly prosecuted its appeal to our court.

It is argued by counsel for appellant that as the agreed statement shows that the goods arrived at Iberville station behind time, it became the duty of defendant to give notice to the consignee of the arrival of the goods and its failure to do so makes defendant liable to plaintiff in the case. The principal authority relied on for this proposition is Frank v. Grand Tower & Carbondale Ry. Co., 57 Mo. App. 181. A consideration of the facts in that case in connection with the facts in the case at bar, does not satisfy us that that decision is controlling or in point here. A delay of fifty minutes in the arrival of a freight train at its destination can hardly be charged or considered such a delay as to bring the case within the rule announced in the Frank case, nor, for that matter, within the rule announced in Pindell v. St. Louis & H. Ry. Co., 34 Mo. App. 675, also relied on by counsel for appellant.

The stipulation in the bill of lading in the case at bar very distinctly provides that where the packages

are consigned to a station where the carrier has no agent, as here, the shipper authorizes and directs the carrier, upon arrival of the train, by day or night, and regardless of the weather, to deposit the goods or packages upon the platform whether there be anyone there to receive them or not, "and the shipper agrees that the carrier's liability shall end upon such deposit, and that such deposit shall be considered a delivery to the consignee." Under this stipulation no notice was required. Nor is there any guarantee that the freight train will move by a schedule, or be on time. The parties had themselves a contract dispensing with notice.

But it is urged that the fact that instead of leaving the goods on the platform they were placed in the warehouse, constituted a conversion by the carrier; that the bailee, the carrier, by so handling it, had diverted the property to some other use or purpose, and that although the property may not be thereby injured, the bailee is concluded as by a conversion. We cannot accede to this under the facts in this case. The act of placing the goods in the warehouse was entirely for the benefit of the consignee, in no manner put them out of his reach, and it appears by the testimony in the case that that was the usual course of business at that station, of which the shipper and consignee are presumed to have notice. The goods were placed in the warehouse, which was part of the platform, and instead of being left exposed to the depredations of the weather or of any wayfarer, were locked up and the key left in a neighboring house, as was the custom, for the convenience of consignees. There is no conversion here or anything tantamount to that.

Nor does it appear that plaintiff was in any way injured and placed at a disadvantage by the fact that the train was fifty minutes off its schedule time. It does not appear that it or the consignee, or anyone for them, were present at the station at the time the

train was due, if on schedule time, so that we fail to see how that fact affected plaintiff to its injury. It was the duty of plaintiff, under the stipulations in the bill of lading, to look out for the arrival of the goods. No such precaution appears to have been taken.

We find no reversible error in the action of the trial court and its judgment is affirmed. *Nortoni* and *Allen, JJ.,* concur.