UNITED STATES FEED MILLS COMPANY, APPELLANT, v. MISSOURI PACIFIC RAILROAD COMPANY, RESPONDENT.

Kansas City Court of Appeals. January 5, 1931.

*Wm. C. Forsee* for appellant.

*Hackney & Welch* and *Richard H. Beeson* for respondent.

CAMPBELL, C.—This is an action to recover the value of certain merchandise delivered by plaintiff to the defendant for shipment from Kansas City, Missouri, to Ogemaw, State of Arkansas.

It is alleged in plaintiff's petition that the goods were contained in a car designated as I. C. 172559; that the shipment was received by defendant at Kansas City, Missouri; that defendant issued to plaintiff a non-negotiable bill of lading in which plaintiff is named as consignor and consignee, destination of shipment Ogemaw, Arkansas; that it was the duty of defendant to transport the car and the merchandise therein contained promptly and to notify plaintiff of the arrival of the car and to there deliver the shipment to plaintiff, its agents and assigns, and none other; that if defendant transported said car and merchandise to destination or to any point outside of Kansas City, it carelessly, negligently and unlawfully failed to deliver the same to plaintiff and unlawfully allowed the goods to be wasted or appropriated by persons unknown to plaintiff, and so lost to plaintiff; that demand for the return of the goods or payment of the value thereof was made before suit and the demand refused.

The defendant's answer is a general denial, and an allegation that whatever shipment was transported by the defendant and its connecting carrier was transported under a bill of lading which, among other things, provided:

"Section 5 (paragraph 3)—property destined to or taken from a station, wharf, or landing at which there is no regularly appointed agent shall be entirely at risk of owner after unloading from cars or vessels, or until loaded into cars or vessels, and when received from or delivered on private or other sidings, wharfs, or landings, shall be at owner's risk until the cars are attached and after they are detached from trains."

. Defendant further averred that the station at Ogemaw, Arkansas, was a non-agency station on the line of the St. Louis & Southwestern Railway Company, the delivering carrier, that is, a station where no regularly appointed agent was maintained, and that under the terms and provisions of the bill of lading, the defendant and its connecting carrier did deliver and transport the car mentioned in plaintiff's petition to said station or siding and did there detach said car from its train and did leave the car on the siding as required by the terms of said bill of lading, and that thereafter the shipment was entirely at plaintiff's risk, and that defendant's liability terminated when said car was detached from the train and left on the siding at destination.

The trial was to a jury. An agreed statement of facts was offered by plaintiff. It is therein recited that defendant is a common carrier; that at the time and place alleged plaintiff delivered to it the car containing the goods described in plaintiff's petition; that the value of said goods "on the date of their arrival at Ogemaw, Arkansas, was $641.44;" that plaintiff prepaid the freight charge in the sum of $130.05; that defendant accepted the car, and issued to plaintiff its bill of lading consigning said car of goods to plaintiff at Ogemaw, Arkansas, and that the said bill of lading contained section 5, which is set forth in the defendant's answer.

Plaintiff made further proof to the effect that the bill of lading was attached to a sight draft drawn by plaintiff upon C. J. Meyer for the amount of the sale price of the goods and sent to a bank in a town adjacent to Ogemaw, there being no bank at Ogemaw; that afterwards the bill of lading and sight draft were returned to plaintiff. There is no evidence that plaintiff made demand for the return of the goods. There is evidence, however, that it demanded payment of the value of the goods, which payment the defendant refused because of the claim that the shipment had been transported to Ogemaw, Arkansas, and there placed on a siding; that said station was a non-agency station within the meaning of section 5, and that when the shipment was placed on a siding at destination its liability was at an end. The evidence is not at all clear as to what became of the shipment after it arrived at Ogemaw. The parties, however, in the lower court, as well as here, seem to proceed upon the theory that some one other than plaintiff received the shipment, the defendant contending that the same was unloaded

by C. J. Meyer after it was placed on a siding at Ogemaw, a non-agency station, and that its liability was at an end when the car was so placed. Plaintiff's evidence is that it did not receive the shipment and that "we never did know" who received it. Litigants on appeal are bound by the position taken in the trial court and we will therefore assume that the shipment, after it arrived at Ogemaw, was taken by some person without the knowledge or consent of plaintiff.

The plaintiff introduced in evidence the defendant's amended answer upon which the case was tried.

At the close of the evidence the court gave defendant's peremptory instruction which was followed by a non-suit, and after appropriate steps the case came to this court on plaintiff's appeal.

Appellant insists the court erred in giving the peremptory instruction, and in refusing to set aside the involuntary non-suit, claiming that it made a prima-facie case by showing delivery at Kansas City of a shipment consigned by it to Ogemaw, Arkansas, and a failure to deliver the shipment to it.

Respondent does not take issue with the contention thus made except it says that said section 5 of the bill of lading is a valid provision; that when plaintiff introduced defendant's answer containing the allegation that Ogemaw was a non-agency station, plaintiff was conclusively bound by that allegation, admitted the truth thereof, and hence the peremptory instruction was proper.

Section 5 of paragraph 3 of the bill of lading is a valid provision. The Supreme Court of the United States in *Yazoo & Mississippi Valley R. R. Company v. Nichols & Company*, 256 U. S. 540, in considering a provision in the bill of lading exactly the same as the provision in the instant case, said:

"The reason why an agent is not appointed is that traffic to and from the station would not justify the expense. The station is established for the convenience of shippers customarily using it. And the paragraph here in question was apparently designed to shift the risk from the carrier to shipper or consignee of both classes of freight. It does so in the case of less than carload freight by having the carrier's liability begin when the goods are put on board cars and end when they are taken off. It does so in the case of carload freight by limiting liability to the time when the car is attached to or detached from the train."

The same doctrine is announced in Tent & Awning Company v. Illinois Central Railroad Company, 190 Mo. App. 67, 175 S. W. 220.

It follows that if the station at Ogemaw was a non-agency station within the meaning of said section 5 of the bill of lading, and that defendant and its connecting carrier transported the shipment to

that station and there placed the car containing the shipment on a private or other siding, the full duty of defendant was performed.

Appellant claims that the allegation of defendant's amended answer favorable to it and which was introduced by plaintiff along with other allegations in that answer, is not conclusively binding on plaintiff. Respondent asserts the contrary, contending that when plaintiff introduced the amended answer containing the allegation to the effect that Ogemaw was a non-agency station, plaintiff thereby admitted the truth of that allegation, was conclusively bound thereby, and that therefore the peremptory instruction was proper, and cites the following, among other cases: Clark v. M. K. & T., 179 Mo. 66; Lynch v. R. R., 208 Mo. 1; Stout v. Railway Company, 17 S. W. (2d) 363; Knoche v. Pratt, 194 Mo. App. 305. The only one of these cases that tends to support the respondent's contention is the Clark case, supra. In that case the plaintiff introduced the defendant's abandoned answer.

The Court said: "An admission of one's adversary must be taken as a whole. The good must go with the bad. One who seeks to use an admission of his adversary must take the admission *cum onere*." No authority is cited for the holding. The case did not turn upon the announcement thus made but did turn entirely upon the admissions made by the plaintiff as a witness. Both before and since the decision in the Clark case, supra, it has been held "that it was competent for the jury to weigh this allegation of the defendant's original answer as an admission that the deceased was struck and killed while he was operating his velocipede on the track, we also think is well settled." [Lynch v. R. R., 208 Mo. 1, 19, 106 S. W. 68.]

It is said in Knoche case, supra, "there was no error in allowing the answer to be read. It was admissible for whatever it was worth as an admission."

In Hildreth v. Hudloe, 282 S. W. 747, the court said:

"So that, as far as the value as evidence of a pleading of one party which may be offered by the other party is concerned, it is only the statements therein that are against the interest of the pleader that are to be construed as of any value."

"The pleading stands on the same footing as a statement made out of court by a party to a suit."

We know of no case in which it has been held that a litigant who introduces in evidence the pleading of an adversary thereby conclusively admits the truth of statements therein contained that are favorable to the adversary.

The allegations in defendant's answer favorable to it were not admitted by plaintiff to be true by the mere fact of introducing that answer in evidence.

The trial court evidently treated the recitations in defendant's answer favorable to it as conclusively true because under no other possible theory would the court have been justified in directing a verdict. The peremptory instruction should not have been given. The judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur, except *Trimble, P. J.,* absent.