## BONNEVILLE v. WEHRMAN et al.

### No. 1883.

Court of Civil Appeals of Texas. Waco.

May 20, 1937.

Rehearing Denied June 24, 1937.

J. G. Minkert, of Bryan, and Spivey & Davidson, of Waco, for plaintiff in error.

Armstrong & Armstrong and Henderson & Hoyle, all of Bryan, for defendants in error.

ALEXANDER, Justice.

This suit involves a contest as to the priority of liens between Lawrence Grocery Company a chattel mortgage on the gage on the store fixtures of one Charles Kosarek, and M. Bonneville, who claimed a superior landlord's lien thereon. A trial before the court, without a jury, resulted in a judgment favorable to Lawrence Grocery Company. Bonneville appealed.

The evidence disclosed that Kosarek executed and delivered to Lawrence Grocery Company, who held a chattel mortstore fixtures in question on April 28, 1933, to secure the payment of a debt in the sum of $500. This mortgage appears to have been promptly registered. Lawrence Grocery Company in a prior suit sued Kosarek and recovered a judgment for its debt with foreclosure of its chattel mortgage lien, but did not make Bonneville a party to that suit. Bonneville here claims that on April 15, 1933, he rented a store building to Kosarek for a period of one year beginning April 15, 1933, and

ending April 15, 1934, at $100 per month; that said fixtures had been placed in the store building prior to the execution of the mortgage to Lawrence Grocery Company; that Kosarek failed to pay the rent, and as a consequence he (Bonneville) has a prior lien thereon. The evidence disclosed that Bonneville in a prior suit had sued Kosarek on his rental contract for unpaid rents and had recovered a judgment therefor with foreclosure of a landlord's lien on the fixtures in question, and that said fixtures had been sold under said foreclosure proceedings and bought in by Bonneville and by him sold to a third party. Lawrence Grocery Company was not a party to that suit. Lawrence Grocery Company here contends that Bonneville, by the above procedure, converted the fixtures in question to his own use and benefit.

■■■■ After carefully considering the record, we have reached the conclusion that the evidence was insufficient to show a prior lien in favor of Bonneville, the landlord. There was no dispute about Lawrence Grocery Company having obtained a chattel mortgage on the fixtures in question on April 28, 1933. That lien must prevail unless Bonneville established a prior landlord's lien. It was agreed that Bonneville rented the premises to Kosarek on April 15, 1933. This rental period was apparently to begin on May 1st of the same year. It was also agreed that the fixtures had been moved into the building prior to the execution of the chattel mortgage to Lawrence Grocery Company. If there was any rent due or to become due under said rental contract at the time the chattel mortgage was given, then the landlord had a prior lien on the fixtures in the building. 27 Tex.Jur. 135, 165, 167. It appears, however, that Bonneville failed to prove that his rental contract with Kosarek was for any definite time and failed to prove that there were any rents due or to become due under such contract at the time Lawrence Grocery Company registered its mortgage. The only reference that we find in the statement of facts to the rental contract between Bonneville and Kosarek, and the rents due or to become due thereunder, is that found in the petition filed by Bonneville in his prior suit against Kosarek and the judgment entered in that suit. The judgment in that case, which was introduced in evidence in this suit, recites that Kosarek was indebted to Bonneville for rent on the store building and that said indebtedness was secured by lien on the fixtures, but, as Lawrence Grocery Company was not a party to that suit, said judgment and the recitals therein are not binding on it. 26 Tex.Jur. 241, 246; McCamant v. Roberts, 66 Tex. 260, 1 S.W. 260.

■■■■ The Lawrence Grocery Company introduced in evidence the petition filed by Bonneville in his prior suit against Kosarek. We presume this was done for the purpose of showing that Bonneville had converted the mortgaged property. That petition recited that "on or about the 20th day of April, 1933, plaintiff rented, leased and demised said store building to the defendants for a term of four months beginning on the first day of May, 1933, and ending on the 31st day of August, 1933, and that the defendants contracted and agreed to pay the plaintiff seventy-five ($75.00) Dollars a month for said building for said period of time." It was further alleged that said rent was "due and payable in advance." While this petition appears to have been introduced without limitation, in our opinion the trial court was not required to accept as true all the self-serving declarations contained therein. 17 Tex.Jur. 580; Masterson v. F. W. Heitmann & Co., 38 Tex.Civ.App. 476, 87 S.W. 227, par. 2; United States Feed Mills Co. v. Missouri Pac. Ry. Co., 224 Mo.App. 1134, 36 S.W.(2d) 136; Hildreth v. Hudloe (Mo.App.) 282 S.W. 747. Since the trial court found in favor of Lawrence Grocery Company, we must presume that the court declined to accept as true the declarations as to the terms of the lease contract and the amount of rent due thereunder. Furthermore, the rental contract here relied on is alleged as follows: "* * * that on April 15, 1933, he the plaintiff (Bonneville) rented a certain building situated in the City of Bryan in Brazos County, Texas, to one Chas. Kosarek for a period of one year, beginning April 15, 1933, and ending on April 14, 1934, for a rental of $100.00 per month, and that said rent was due and payable monthly." It is apparent that the contract here relied on, as shown by the allegations of Bonneville in this suit, is materially different from the terms of the contract as attempted to be proved by the allegations in the petition in the former suit of Bonneville against Kosarek. Therefore, the allegations in the petition in the former suit were insufficient to prove the terms of the rental contract here relied on. Furthermore, there was no

proof that the rents provided for in such contract were unpaid.

Since Bonneville failed to prove his rental contract as alleged, the trial court properly held that Lawrence Grocery Company held a prior lien on the fixtures. The evidence showed that Bonneville had converted the fixtures to his own use and benefit, and therefore the trial court properly awarded judgment in favor of Lawrence Grocery Company.

The judgment of the trial court is affirmed.