**BOX v. USSERY et al.**

No. 1894.

Court of Civil Appeals of Texas. Waco.

June 24, 1937.

Rehearing Denied July 15, 1937.

T. R. Mears, of Gatesville, for appellant.

Robt. W. Brown, of Gatesville, for appellees.

GEORGE, Commissioner.

Appellee, Sarah E. Ussery, joined by her husband, instituted suit in the district court of Coryell county against J. E. Box, administrator of the estate of R. D. Box, Sr., deceased, with will annexed, for the establishment of a claim for money, and a lien on 200 acres of land, against such estate. The court withdrew the case from the jury and rendered judgment in favor of appellee for the amount of her claim, interest, and attorney's fees, but against her as to lien, and directed that a copy of the decree be certified to the probate court for classification, observance, and payment in due course of administration.

Sarah E. Ussery is a daughter of R. D. Box, Sr., who died testate on August 23, 1935. R. D. Box, Sr., on October 30, 1933,

executed and delivered to Sarah E. Ussery, a written instrument in the form of a promissory note in the sum of $980, payable to the order of Sarah E. Ussery, out of his estate, at his death, bearing interest after maturity and providing for attorney's fees. Thereafter, on October 31, 1933, R. D. Box, Sr., executed and delivered to Sarah E. Ussery a written instrument, containing, among others, the following recitals and declarations: That he had theretofore employed his daughter, Sarah E. Ussery, to nurse and care for him during his illness; that she had nursed him for 980 days; that she was to be paid for such services the sum of $980, and same was to be paid out of and become a charge against his estate at his death; that same was to be a charge and preference lien against his 200-acre homestead or any other property owned by him at his death; that such instrument was not to be recorded and was not to interfere in any manner with his right to sell said land free from lien; and that the purpose of such instrument was to acknowledge his indebtedness, in the sum of $980, to Sarah E. Ussery; and that he instructed his executor or administrator to recognize and approve her claim for said sum.

R. D. Box, Sr., thereafter, on November 8, 1934, made a will containing the following recitals, declarations, and provisions pertinent to the issues involved in this cause, to wit: (1) "* * * there is an instrument now held by my daughter, Mrs. Sarah E. Ussery for $900.00, which I do not recognize as a debt, but intend that same shall be paid out of her interest of my estate in accordance with this will." (2) "The $900.00 as above set forth in favor of Mrs. Sarah E. Ussery, to be settled with her interest in my estate under this will, and she is not to be paid said $900.00 nor any other sum in addition to her interest in the will, as set forth above." (3) "Should my daughter, Sarah E. Ussery, refuse to take her interest in said estate in lieu of said $900.00, then in that event the said Sarah E. Ussery is to take nothing under this will. My reason for so making this bequest in this condition to my said daughter, Sarah E. Ussery, is that said $900.00 is supposed to represent services she rendered for me, which I do not consider that she should be paid said $900.00 in addition to her interest in the estate, for the reason I have other children that have been just as kind and good to me in the way of service to me, and in fact, my children have all been nice

to me, and I think it but just and right that said $900.00 should not be paid in addition to her interest in said estate." Sarah E. Ussery executed an affidavit to her claim, based on note and contract, and caused same to be presented to J. E. Box, as administrator, for allowance, and J. E. Box rejected the claim and noted his disallowance thereon. Appellee did not testify in the trial of the case.

The record indicates that appellee introduced in evidence, without objection, application for probate of the will of R. D. Box, Sr., will of R. D. Box, Sr., decree probating said will, bond and oath of J. E. Box, as administrator, and order of court approving bond and oath, for the alleged purpose of showing the authority of such administrator and his action in rejecting appellee's claim. The note and contract executed by R. D. Box, Sr., on October 30, 1933, and October 31, 1933, respectively, appellee's claim and accompanying affidavit, dated November 23, 1935, and indorsement thereon of the administrator's rejection of such claim, under date December 20, 1935, were admitted in evidence over appellant's objections.

Appellant says (1) the trial court erred in admitting in evidence the note and contract because, (a) since appellee had offered in evidence the will, she was bound by its recitals and could not impeach its declarations by introducing the contract and note, and (b) such instruments were testamentary in character and had been revoked by the will of November 8, 1934; (2) that the trial court erred in admitting in evidence the note, claim, and contract, for the reason that they, in their presentation to the administrator, were only proven by the appellee, in violation of the provisions of article 3716; (3) the evidence is insufficient to sustain the judgment because the note is testamentary in character, was revoked by will dated November 8, 1934, and the claim sued on was only proven by appellee, in violation of the provisions of article 3716; and (4) the court erred in failing to grant appellant's motion for an instructed verdict and in withdrawing the case from the jury and rendering judgment in favor of appellee. Appellee says the court erred in holding that the evidence was insufficient to establish a lien against the property owned by R. D. Box, Sr., at the time of his death.

The will was introduced in evidence by appellee for the limited purpose of show-

ing qualification of J. E. Box as administrator, and his action in rejecting appellee's claim. Its recitals cannot be construed as binding upon appellee, for the reason that it does not constitute either testimony of Sarah E. Ussery or admissions made by her, and the introduction of the note and contract is not prohibited by the rule that a party cannot impeach his own witness, for same is not in fact impeachment but is at most introduction by a party of contradictory testimony as to material facts. Paxton v. Boyce, 1 Tex. 317; City National Bank of Spur v. Rhome-Farmer Livestock Commission Co. (Tex.Civ.App.) 259 S.W. 184; Jones Commentaries on Evidence (2d Ed.) vol. 6, § 2432, pp. 4814 to 4816, inc.; Hubb-Diggs Co. v. Mitchell (Tex.Civ.App.) 256 S.W. 702; Masterson v. F. W. Heitmann & Co., 38 Tex.Civ.App. 476, 87 S.W. 227; United States Feed Mills Co. v. Missouri Pac. Ry. Co., 224 Mo.App. 1134, 36 S.W.(2d) 136.

Appellant's contention, as set out in assignment No. 2, that the note is testamentary in character and had been revoked by the execution of the will of November 8, 1934, is not well founded, for it reasonably appears from the language of such instrument, the contract, and the will that the note is an obligation to pay money absolutely to appellee and that same was delivered to her in evidence of a debt. It does not indicate a mere promise to make a donation or a gift to appellee of the sum evidenced thereby after the death of R. D. Box, Sr. Dispositions made by wills are in the nature of gifts. These instruments on their face evince an intention on the part of R. D. Box, Sr., to carry out and perform an obligation made and entered into by him with appellee, based on consideration. The consideration imported is services rendered by appellee. The note in its essence is not testamentary but in the nature of a contract. Chastain v. Texas Christian Missionary Society (Tex.Civ.App.) 78 S.W.(2d) 728.

The claim, together with appellee's accompanying affidavit, and the administrator's indorsement of rejection of claim, were admissible for the purpose of showing that appellee had prepared her claim, authenticated and presented same to the administrator of the estate of R. D. Box, Sr., in the time, form, and manner required by law; that same had been rejected; and that suit had been brought thereon for the establishment of same within ninety days after rejection. Garwood v. Schlichenmaier, 25 Tex.Civ.App. 176, 60 S.W. 573. The introduction of the note, contract, claim, and authentication thereof and administrator's disallowance thereon did not constitute the giving of testimony by appellee as to any transaction with or statement by R. D. Box, Sr., deceased. Martin v. McAdams, 87 Tex. 225, 27 S.W. 255; Haugen v. Johnson (Tex.Civ.App.) 282 S.W. 1115; American Exchange National Bank v. Keeley (Tex.Civ.App.) 39 S.W.(2d) 929; Potter v. Wheat, 53 Tex. 401; Dodson v. Watson (Tex.Civ.App.) 225 S.W. 586; Dean v. Dean (Tex.Civ.App.) 214 S.W. 505; Moores v. Wills, 69 Tex. 109, 5 S.W. 675; Horst v. Tobin (Tex.Civ.App.) 18 S.W.(2d) 221; Emery v. Emery (Tex.Civ.App.) 75 S.W.(2d) 725; Tharpe v. Schmall (Tex.Civ.App.) 44 S.W.(2d) 505; Olschewske v. Priester (Tex.Com.App.) 276 S.W. 647; Fertitta v. Toler (Tex.Civ.App.) 43 S.W.(2d) 467; Hagelstein v. Blaschke (Tex.Civ.App.) 149 S.W. 718. The note and contract executed by R. D. Box, Sr., were admissible in evidence without proof of the execution thereof, for the reason that appellee's petition was founded on the note and written contract charged to have been executed by R. D. Box, Sr., during his lifetime and no suspicion had been cast upon either by an affidavit of the administrator of the estate of R. D. Box, Sr., deceased. Abeel v. Weil, 115 Tex. 490, 283 S.W. 769; Revised Civil Statutes, art. 3734.

Since appellant's contention that the evidence is insufficient to sustain a judgment is based on his contention that the note is testamentary in character, that it was revoked by the will dated November 8, 1934, and that the claim sued on was proven by appellee only in violation of the provisions of article 3716, and it being conceded that the note has not been paid, and we having determined that the note was contractual in nature and admissible in evidence, it is obvious that the evidence is sufficient to support the judgment. The trial court did not err in withdrawing the case from the jury and rendering judgment, for the reason there is no real conflict in the facts and same are not in dispute. The note, contract, and will constitute all the evidence in the record bearing on the character of the note. The contents of the note, contract, and will, construed together, indicate clearly that the note was given in evidence of an obligation owing by R. D. Box, Sr., to appellee and that same is contractual in its nature, as hereinabove de-

termined, and no issue being raised by the pleadings and evidence as to payment, there was no controverted issue of fact for the jury. Kansas City Life Ins. Co. v. Duvall (Tex.Sup.) 104 S.W.(2d) 11. An examination of the provisions of the contract will disclose that it was not R. D. Box's intention to give a lien on any specific property during his lifetime, and that he did not, in fact, give such lien. Therefore, the evidence sustains the trial court's judgment denying preference lien. Wren v. Coffey (Tex.Civ. App.) 26 S.W. 142.

The judgment of the trial court is affirmed.

Opinion adopted by the court.