Ocie L. JACOBS, Appellant,

v.

George I. MIDDAUGH et ux., Appellees.

No. 14126.

Court of Civil Appeals of Texas.

San Antonio.

June 19, 1963.

Rehearing Denied July 17, 1963.

**696**

Pat Maloney, San Antonio, for appellant.

Aycock & Steinle, Jourdanton, for appellees.

MURRAY, Chief Justice.

This is an appeal by Ocie L. Jacobs as administratrix of the estate of R. T. Ellison, deceased, from a judgment refusing to set aside a deed, dated December 9, 1961, from R. T. Ellison to George I. Middaugh and wife, Geralyn Middaugh. George I. Middaugh, a licensed practicing attorney, was retained by R. T. Ellison in May, 1961, to probate the will of his deceased wife, Melvy C. Ellison. Appellant is the daughter of R. T. Ellison and Melvy C. Ellison, who, along with her brothers, would have inherited her parents' estate had it not been for the deed of R. T. Ellison to appellees, George I. Middaugh and wife, Geralyn Middaugh, executed nine days before his death at the age of eighty-five years.

The cause was submitted to a jury on seven special issues, in response to which the jury found as follows:

(1) That on December 9, 1961, Robert T. Ellison had sufficient mental capacity to understand the nature and effect of such deed, and the consequence of his act in executing the same. (2) At the time of the execution of the deed in question, the attorney-client relationship between R. T. Ellison and George I. Middaugh had terminated as to the sale and execution of the deed in question to George I. Middaugh. (3) That the deceased, R. T. Ellison, did not rely upon George I. Middaugh for legal or business advice in the matter of the sale and execution of the deed in question to George I. Middaugh. (4) That the defendant immediately prior to the execution of the deed in question, did not exercise upon the deceased, R. T. Ellison, undue influence, causing the said R. T. Ellison to sign the deed in question. (5) That prior to the execution by R. T. Ellison of the deed in question, the defendant George I. Middaugh gave him full information concerning the transaction. (6) That prior to the execution by R. T. Ellison of the deed in question, George I. Middaugh gave him disinterested advice concerning the transaction. (7) That the consideration paid by George I. Middaugh to Robert T. Ellison for the purchase of the properties in question, was a full, fair and reasonably adequate consideration.

Based upon these findings, the trial court rendered judgment that Ocie L. Jacobs and the other plaintiffs below take nothing by reason of their suit, from which judgment Ocie L. Jacobs as administratrix of the estate of R. T. Ellison, deceased, alone has prosecuted this appeal.

During the trial, the appellees offered in evidence Exhibit 7, reading as follows:

"GEORGE I. MIDDAUGH
Attorney at Law
Jourdanton, Texas

November 24, 1961

"Mr. R. T. Ellison
General Delivery
Pleasanton, Texas

"Dear Mr. Ellison:

"When you were in my office last week and wanted to sell me the Duval County property, including both surface and mineral rights, and the other mineral interests which you own in McMullen, Karnes and

Atascosa Counties, I promised you that I would give you my answer this week. I want you to know first that I think that you should keep this property, because it is your only source of income, however, if you still wish to sell I will buy it under the following terms:

"1. That you understand that you are selling at a price set by you and who ever you want to use as an appraiser. You stated in my office last week that you wanted me to cancel all accounts existing between us, that I was to assume the back taxes, and that I was to do all of the legal work involved at my own expense. I agree to do this if you will accept a $1,000.00 note, unsecured, as part of the $3,000.00 sale price. In other words you will get $2,000.00 cash and my personal note in the sum of $1,000.00.

"2. That you take the deed which I have prepared, and which I have enclosed herewith, to any attorney of your choice and have him explain it to you. This deed conveys everything that you own in the way of land or interests in land, in Karnes, Atascosa, McMullen and Duval Counties. It conveys both the one-half interest which you inherited by virtue of your wife's will, plus your own one-half interest which you owned in your own right.

"3. If, after reading this letter and having the enclosed deed read to you and explained to you, you still wish to sell please sign your name on the line above your name and return it to me.

"Very truly yours,

/s/ George I. Middaugh

"/s/ R. T. Ellison
    R. T. Ellison"

It will be noted that this letter is signed by both George I. Middaugh and R. T. Ellison. When this instrument was offered in evidence appellant objected to its admission in the following language:

"Our objection is, if it please the Court, that the letter in question is violative of Article 3716, the Dead Man's Statute, it is hearsay and it is self-serving, and it is a letter drawn by Mr. Middaugh, and it contains hearsay statements twice removed, and for those three reasons we suggest to the Court that it is not in any way admissible." This objection was overruled and the instrument admitted in evidence. The admission of this instrument in evidence over appellant's objection is assigned here as reversible error. We have concluded that this instrument is admissible in evidence and was not subject to the objections made by appellant.

Elmo Mangum was called as a witness and testified that he was Vice-President of the First State Bank of Poteet, and that Mr. R. T. Ellison came to him as a notary public to sign the deed in question. That Mr. Ellison had with him the instrument in question. Mr. Ellison was asked if he had read the letter and understood it, and he said that he had. Mr. Ellison signed the letter in Elmo Mangum's presence. Thereafter, the deed was executed by R. T. Ellison and acknowledged before Elmo Mangum as notary public. Mangum further testified that he explained the deed to Mr. Ellison, and that he fully understood the provisions and the effect of the deed before he signed and acknowledged it.

The so-called letter is in effect a sales contract between Middaugh and Ellison, agreeing to the purchase and sale of the land conveyed by the deed from Ellison to Middaugh, for the sum of $3,000., $2,000 of which was to be paid in cash and $1,000 by a personal note of Middaugh. The instrument was not subject to be excluded by the provisions of Article 3716, Vernon's Ann.Civ.Stats., known as the Dead Man's Statute, because it is in writing and was signed in the presence of Elmo Mangum by R. T. Ellison. Its provisions, having been fully agreed to by both parties, would ordinarily be binding upon them. R. T. Ellison, by signing the instrument, agreed to each and every statement therein, and they are binding upon the administratrix of his estate. Sparkman v. Massey's Estate, Tex.Civ.App., 297 S.W.2d 308; Newsom

v. Fikes, Tex.Civ.App., 153 S.W.2d 962; Jones v. Selman, Tex.Civ.App., 109 S.W.2d 1003; Box v. Ussery, Tex.Civ.App., 108 S.W.2d 230; Hagelstein v. Blaschke, Tex. Civ.App., 149 S.W. 718; 1 McCormick & Ray, Texas Law of Evidence, 2d Ed., § 331, et seq., beginning on page 299. This instrument is of great importance in this case, as it has a far-reaching bearing upon the validity of the deed dated December 9, 1961, which appellant is seeking to have set aside and held for naught.

█ Appellant contends that this record shows as a matter of law that the relationship of attorney and client between R. T. Ellison and George I. Middaugh had not terminated on December 9, 1961, but still existed. The evidence is sufficient, if believed by the jury, to show that as to the execution of this deed on December 9, 1961, the relationship between attorney and client had ceased to exist. If we are mistaken in this, and the relation of attorney-client did exist at that time, the other findings of the jury are sufficient to support the judgment rendered. The evidence is also sufficient to support the finding of the jury that George I. Middaugh gave disinterested advice concerning the transaction to R. T. Ellison, and that the consideration for the purchase of the property in question was full, fair and reasonably adequate, and that George I. Middaugh gave R. T. Ellison full information concerning the transaction. We overrule appellant's contention that she was entitled to an instructed verdict in this case.

█ Every transaction between an attorney and client is not absolutely void, but where the relationship of attorney and client exists a suspicion is cast upon any transaction between attorney and client, and the burden is cast upon the attorney in suits of this nature to show that the transaction was open and above board, and that no advantage was taken of the client by reason of the transaction. Cooper v. Lee, 75 Tex. 114, 12 S.W. 483; Bell v. Ramirez, Tex. Civ.App., 299 S.W. 655.

█ Appellant does not raise the issue that the verdict of the jury was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. There was sufficient evidence to support all of the findings of the jury, and this is apparent from a mere reading of the statement of facts.

In view of the jury's answers to the issues submitted, the implication of constructive fraud was removed and the deed should be given the force and effect of a valid deed.

The judgment is affirmed.