BENNETT & LOCKWOOD V. CHARLES E. FRARY.

(Case No. 4370.)

1. EVIDENCE — STATUTE CONSTRUED.— The inhibition contained in art. 2248, R. S., against a witness testifying "as to any transaction with, or statement by," a deceased party, does not extend to conversations with a surviving partner of the deceased; though the testimony might result in establishing a contract with the firm.

2. SAME.— When a deceased contracting party was represented in consummating the bargain by an agent who is capable of testifying, then the other contracting party, unless expressly excluded by statute, could be a witness.

3. FACT CASE.— See opinion for reference to an erroneous charge, which, from the nature of the case, could not have affected injuriously the appellant, and offered no basis for a reversal of the case.

4. EVIDENCE.— A letter which formed the basis of a contract cannot, in a controversy involving the provisions of a contract, be regarded conclusive as to its terms.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

The appellee, Frary, brought suit on an alleged contract made by him for his firm of Asa Frary & Bro., on March 1, 1878, with the firm of Bennett & Lockwood, of San Antonio, Texas. He alleged the contract to have been as follows, in substance:

1. That Bennett & Lockwood agreed to receive, bale, poison and ship bison hides at San Antonio, for a compensation of one-fourth of a cent a pound.

2. That Bennett & Lockwood agreed to sell the hides in New York for a compensation of two and one-half per cent. on the gross sales.

3. That Bennett & Lockwood agreed to charge interest on all advances made, at the rate of seven per cent. per annum.

The hides handled amounted to 643,570 pounds. The gross amount of sales in New York amounted to $37,781.37.

The firm of Bennett & Lockwood, in the settlement of the hide business, charged Asa Frary & Bro. half a cent a pound for receiving, baling, poisoning and shipping at San Antonio, and five per cent. commissions on gross sales in New York, and on the advances they charged twelve per cent. interest. The plaintiff sued for these alleged overcharges.

Defendants pleaded the general issue, and denied specially the making of such contract as is alleged in plaintiff's petition.

Under this answer defendants adduced testimony going to show that the contract was as follows:

That Bennett & Lockwood were to charge Frary & Bro. for handling, poisoning, shipping, etc., the hides at San Antonio, the actual cost thereof, which was half a cent a pound. That on gross sales in New York the charge was to be five per cent. commissions, and that the interest on advances was to be twelve per cent., and that

therefore the charges were in accordance with the contract and there were no overcharges.

The verdict and judgment were for plaintiff.

Appellants assigned among other errors the following:

I. The court erred in permitting the plaintiff, Charles Frary, to testify in this case as to the contract made between him and the firm of Bennett & Lockwood, when the testator, W. A. Bennett, was living, and a partner in said firm, over the objections of said defendants.

II. The court erred in admitting the plaintiff, Charles Frary, to testify on the trial regarding transactions and conversations had between him and the firm of Bennett & Lockwood, during the life-time of the testator, W. A. Bennett, over the objections of defendants, and particularly over the objections of the executrix, Mary F. Bennett.

Charles E. Frary, the plaintiff, testified as follows: " I, for the firm of Asa Frary & Bro., made a contract with Bennett & Lockwood through J. S. Lockwood, a member of the firm of. Bennett & Lockwood, in relation to the handling, shipping and selling of our buffalo or bison hides.  I went to Bennett & Lockwood's bank in the first days of March, 1878, saw Mr. Lockwood and asked him what his firm would charge me for handling and marketing the hides.  Afterwards I, in company with Mr. Sam C. Bennett, went to the bank, and I then told Mr. Lockwood what Ware's offer was," etc.

. There was no testimony as to statements made by the testator, W. A. Bennett, nor as to any transactions with said W. A. Bennett, except as would naturally follow from the partnership relation between said Bennett and J. S. Lockwood, with whom alone plaintiff dealt and had his conversations.

*Simpson & James*, for appellants.— The statute (art. 2248, R. S.) rendered the plaintiff, Charles E. Frary, an

incompetent witness for himself, as to the contract with Bennett & Lockwood, or any transaction or conversation with Bennett & Lockwood under the facts of this case.

On·March 1, 1878, when the contract is alleged to have been made, and in fact during the continuance of the bison hide transaction, W. A. Bennett, a partner in the firm of Bennett & Lockwood, was living. He died October 23, 1878, before the filing of this suit. The legal representative of W. A. Bennett, viz., Mary F. Bennett, is sued as such representative and judgment asked against her. R. S., art. 2248; Alexander v. Lewis, 47 Tex., 481; Lewis v. Aylott, 45 Tex., 203.

·Tarleton & Boone and L. D. Murphy, for appellee.

GOULD, ASSOCIATE JUSTICE.— 1. The plaintiff was admitted to testify, not as to anything that transpired between him and the deceased partner, Bennett, nor as to any statement by Bennett, but as to what passed between him and the living partner, Lockwood; and although his testimony went to establish a contract with the firm, we think it was rightly omitted. R. S., art. 2248.

·The disqualification to testify is only "as to any transaction with, or statement by," the deceased, and neither literally, nor in its spirit or reason, does it preclude a party from testifying as to a statement by, or a transaction with, one who is still living, and who may therefore testify himself as to the same matters. The statutes of different states on this subject differ greatly; but the reason of the disqualification has not generally been held to apply in cases like the present. Says a recent text writer: "The exception does not incapacitate when the suit is against co-defendants, of whom only one is dead, when the contract was made either with the living co-defendant, or with the living and the dead concurrently. So when the deceased contracting party was represented in

the bargain by an agent who is capable of testifying, then the other contracting party, unless expressly excluded by statute, may be a witness." Wharton Ev., sec. 469.

2. Whilst the court was mistaken in telling the jury that "the defendants deny any contract whatever with the plaintiff," we are satisfied that this mistake in stating the defendants' pleadings could not have misled the jury or have influenced their verdict. Throughout the entire case it must have been apparent to the jury that the sole issue between the parties was as to the terms of the contract — the fact that there was a contract being denied by neither.

3. The case is one of conflicting evidence, peculiarly for a jury. There was evidence to support their verdict for either party, and, under well established rules, the verdict having been allowed to stand in the district court, will not be disturbed here.

4. We see no error in the refusal of a charge asked making the letter of Ware conclusive as to the terms of the contract — that letter being claimed by the plaintiff to be only the basis of the contract — not the contract itself.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered April 29, 1881.]