### J. R. CHOATE v. W. L. HUFF ET AL.

#### (No. 3779.)

APPEAL from Kaufman County.    Opinion by WHITE, P. J.

WOODS & GOSSETT, counsel for appellant.

W. H. ALLEN, J. D. CUNNINGHAM and CLARK & MORROW, counsel for appellees.

§ 280. *Evidence; deposition to prove claim presented to executor is res inter alios when offered in suit afterwards instituted.*    Choate brought this suit against Huff and Cole as executors of one Fielding Hill to recover a thousand dollars alleged to be due him on a note executed by said Hill, deceased, on November 15, 1888, and due twelve months after date, bearing interest at ten per cent., and which note, it was alleged in the petition, was lost. At the trial, judgment was rendered for defendants, executors, and from that judgment this appeal is taken.

The first error complained of is that the court excluded

the deposition of one Knight, a witness for plaintiff, who it is alleged would have proven the execution of said lost note and its delivery to the plaintiff by the defendants' testator. We do not think the court erred in this ruling, because it is made to appear that the pretended deposition of the witness Knight had been taken before this suit was filed, and the executors being independent executors under a will which provided that no further action should be taken in the probate court, except to probate the will and the appointment of said executors, the said pretended deposition could not be a legal deposition, properly taken in this case to prove the said lost claim, and it was inadmissible for any other purpose in this case. The deposition had been taken before this suit was brought, for the purpose of proving up a claim as a lost instrument to be presented to the executors for allowance, and it was not taken in support of the issues involved in and as a part of the proceedings of this case. It was *res inter alios*, when considered in reference to this case.

§ **281.** *Transaction with deceased person; evidence held to have been improperly excluded as a.* Appellant proposed to prove, when upon the stand as a witness, that he had lost a note which purported to have been signed by the deceased, and given to him, and which was the subject-matter of this suit. This testimony was objected to, because it would necessarily involve the fact that the deceased had given the appellant such a note; and to have admitted such testimony would have been in contravention of the provisions of the statute (article 2248, Revised Statutes) which inhibits a party in suits against executors from testifying as "to any transaction with or statement by the testator or intestate, unless called to testify thereto by the opposite party." We are of opinion that the statute quoted is not intended to prohibit a party from testifying to things which are independent of the act or transaction on the part of the

deceased; in other words, if this appellant could testify that he at one time had in his possession a note which purported to be signed by the deceased, and which note had subsequently been lost by him, such fact was certainly a fact independent of any act on the part of or transaction with the deceased. It would still be a question, and which fact is the very question in this case, as to whether or not the deceased had executed such a note as the one sued on. While such testimony was offered for the purpose of proving the independent fact that the plaintiff had had in his possession such a note, it could not be used as evidence of the fact that the deceased had executed such note, and the court should, under the circumstances, have admitted the testimony, and have so instructed the jury. In fact, it was a matter which, after the evidence had been admitted, should have been controlled by appropriate instructions on the part of the court. We are clearly of the opinion that the court erred in not admitting the testimony, and for this error the judgment is reversed and the cause remanded.

December 22, 1891.        Reversed and remanded.