## STUART BROS. v. R. P. ALTMAN ET AL.
### No. 482.

1. **Promissory Note—Surety Defined.**—As between the makers of a promissory note, the principal is the one who receives or is to receive the benefit of the execution of the note, and the surety is one who does not and is not to receive any benefit from its execution, but simply signs it and becomes bound for the benefit and accommodation of the principal.

2. **Evidence—Declarations of a Decedent.**—The provisions of article 2248 of the Revised Statutes, precluding, in an action by or against an administrator, and by or against the heirs or legal representatives of a decedent, arising out of any transaction with such decedent, any evidence of statements made by such decedent, apply to an action by a surviving partner to enforce a firm debt, where he sues as such surviving partner and as sole executor of the deceased partner.

APPEAL from Presidio.   Tried below before Hon. C. N. BUCKLER.

*Millard Patterson,* for appellants.—1. The court erred in its general charge in submitting to the jury the question as to whether or not Stuart Bros. were interested in the defense of the criminal cases pending in New Mexico, and the question as to whether or not Stuart Bros. agreed to pay their pro rata share for defending said suits, there being no pleading and no evidence warranting the submission of such an issue to the jury; and the court erred in the same paragraph of its charge in authorizing the jury to find in favor of defendant if they believed that Stuart Bros. agreed to pay a pro rata share for defending said suits, and in instructing the jury that if such agreement was made by Stuart Bros. with Cooper and Altman, that Stuart Bros. would be liable for one third of said notes, for the reason that there was no pleading and no evidence warranting such a charge.

2. As in this case the only judgment which could have been recovered was one for the deceased partner as well as the surviving one of the firm of Stuart Bros. (the firm being represented by the surviving

partner and the deceased partner being represented by his executor), that is, a judgment for the plaintiff in his joint capacity, the admission of the testimony of R. P. Altman, the defendant, as to the conversation had and the transaction had with the deceased, D. W. Stuart, involving the essential and material question in this case, was error, and directly in contravention of the provisions of article 2248, Revised Statutes. Rev. Stats., art. 2248; Newton v. Newton, 77 Texas, 510; Harrell v. Houston, 66 Texas, 280; Hook v. Bixby, 13 Kan., 164; Dixon v. Edwards, 48 Ga., 142; Gage v. Phillips, 26 Pac. Rep., 61; Parker v. Edwards, 4 South. Rep., 612; Hutchinson v. Cleary, 55 N. W. Rep., 731; Adams v. Eatherly Hardware Co., 3 S. E. Rep., 430.

*J. M. Dean* and *F. B. Sexton,* for appellees.—1. The court did not err in instructing the jury, "that all of the signers to each of said notes are principals as between the signers and payees, and are principals among themselves, and should be so considered until the contrary appears." Willis & Bros. v. Hudson, 72 Texas, 605; Cook v. Dennis, 61 Texas, 246; Ivey v. Williams, 78 Texas, 687; Collins v. Ball, Hutchins & Co., 82 Texas, 269; Daughtrey v. Knolle, 44 Texas, 456; Little v. Allen, 56 Texas, 140; Montgomery v. Carlton, 56 Texas, 365; 24 Am. and Eng. Encyc. of Law, 718.

2. The court did not err in admitting the testimony of Altman. That testimony was clearly admissible against F. B. Stuart, and the court in its qualification to appellants' bill of exceptions shows that it was not admitted as against the executor of D. W. Stuart, deceased. Roberts v. Yarboro, 41 Texas, 449; Bennett v. Frary, 55 Texas, 145.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by the firm of Stuart Bros. against J. W. Cooper and R. P. Altman, for the purpose of recovering the sum of $1263.69 alleged to be due them by reason of a payment made by them on a judgment recovered on a note signed by appellants, appellees, and one E. L. Reynolds, it being claimed by appellants that they signed the note as sureties. This was the sole issue in the case. The note prima facie indicated that all the signers were principals. After the institution of this suit, D. W. Stuart, one of the firm, died, and upon suggestion of his death, appellant F. B. Stuart, as surviving partner and independent executor of the estate of his deceased partner and brother, was allowed to proceed with the suit. The jury returned a verdict for appellees.

The trial judge instructed the jury, that as to the signers and payees all the parties were principals, but as among themselves, while prima facie the signers were principals, yet it was competent and proper for them to show that some were principals and others sureties, and that the question for the jury to determine was, in what capacity appellants signed the notes. That this is the law, there can be no reasonable contention, and it would not be changed or rendered inappropriate by

the fact that one of the signers is admitted in the answer of appellee to have been a surety.

The charge defines a principal, as between the makers, to be one who receives or is to receive the benefits from the execution of the note; and a surety as one who does not and is not to receive any benefit from the execution of the note, but simply signs it and becomes bound for the benefit and accommodation of the principal. It is contended that this charge is misleading and confusing, because the law is, in a case like the present, that one who signs and becomes bound by agreement with another as a surety for the payment of money, is a surety. We are of the opinion that the contention ·is without merit.

A surety is one who becomes responsible for the debt, default, or miscarriage of another, and the party for whom he becomes bound is called the principal or principal debtor. 1 Brandt on Surety., secs. 1–3. If appellants were interested directly in the defense of Altman and Cooper, they were principals, whether they had agreed to bear any particular part of the expenses or not, and a restriction of their liability as principals to such an agreement would not have been proper. We are of the opinion that the charge of the court presents the issues clearly, and none of the exceptions to it are well grounded.

There is an error, however, that will necessitate a reversal of the case. This suit was being prosecuted by F. B. Stuart for himself as survivor and independent executor of the estate of his deceased partner and brother, D. W. Stuart. During the trial, over the objection of appellant, evidence of transactions with and statements made by the deceased partner were permitted to be testified to by R. P. Altman. In article 2248, Revised Statutes, it is provided: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." The latter part of this article, which extends its scope, was added after the Supreme Court had extended it to the same extent by its decisions, and it was doubtless only a crystallization of the decisions into statutory law. Parks v. Caudle, 58 Texas, 216. In this case it is also held, that although "statement by" the decedent is omitted in the latter part of the article, still it was evidently intended to apply.

The object in the passage of this act is to prevent the manufacture of testimony, when the lips of him concerning whose acts or words the testimony is desired have been closed in death. It endeavors to barricade a broad avenue to perjury that would be opened up were such testimony permitted, and protects the rights of those who would be powerless against the attacks of an unscrupulous witness. Its wisdom is too obvious to require argument or defense. We can see no reason

why its wholesome influence should not be thrown around a case where a surviving partner is suing to enforce a partnership debt. It appeals with peculiar emphasis and force in this case for its enforcement, because the deceased partner executed the instruments in the firm name, and they are sought to be bound by the declaration and acts of him who alone could answer the evidence. It is not a similar case to that of Bennett v. Frary, 55 Texas, 145, where it was held, that the statements made by or transactions with the living partner might be proved to bind a partnership, the other member of which was dead, for the living one was there to answer and deny any such testimony. In the case of Roberts v. Yarboro, 41 Texas, 450, it was held, that the words and acts of a deceased partner can be testified to by a party to the suit; but this was under the old law, before the scope of the act had been widened, and even before it had been enlarged by the decisions of the Supreme Court. The strength of the position held by this court is increased by the fact that the surviving partner was representing his deceased brother not only as survivor but as his executor. The question we are considering has never been directly considered by the Supreme Court of Texas since the adoption of the present statute, but the tendency of the decisions has been towards the position held by us. Glover v. Thomas, 75 Texas, 506; Harrell v. Houston, 66 Texas, 278.

Under similar statutes, it has been held in a number of the States that the declarations of a deceased partner can not be testified to by the opposing party in a contest where the surviving partner is a party as such. Dolan v. Dolan, 7 South. Rep. (Ala.,) 426; Wilcox v. Corwin, 117 N. Y., 502; Shain v. Forbes, 23 Pac. Rep. (Cal.), 198; Fulcher v. Mandell, 10 S. E. Rep. (Ga.), 582; Green v. Edick, 56 N. Y. 613.

One partner can not usually bind the firm as sureties or guarantors of another, but when the contract is made it can be ratified by the other partners, and any acts or declarations of the survivor showing a ratification would be admissible.

For the error in permitting appellees to testify as to transactions with and statements by the deceased partner, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 14, 1894.