McKELVY et al. v. GUGENHEIM et al.
(No. 6149.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 29, 1919.)

1. CHATTEL MORTGAGES ☞138(3)—MORTGAGE ON CROP—LANDLORD'S LIEN.

Under Rev. St. art. 5475, a mortgage on a crop given prior to the time when a landlord's lien attached would not take precedence· over the latter.

2. WITNESSES ☞150(3)—TRANSACTION WITH DECEASED PERSON.

Where one of several plaintiffs died after suit commenced, and his heirs were substituted as plaintiffs, defendant could not testify as to a conversation had with him, under Rev. St. 1911, art. 3690.

3. TRIAL ☞356(1)—VERDICT—SUFFICIENCY.

In an action on a note, where without objection on the part of defendants the court instructed the jury that, if they answered a third question as to a waiver of the landlord's lien and the acceptance of 20 bales of cotton to settle the note in the affirmative, then they should answer issue No. 4, and the jury answered issue No. 3 in the negative, it was unnecessary to repeat under the fourth issue that the cotton was not delivered as indicated.

4. APPEAL AND ERROR ☞759—MATTERS REVIEWABLE—BRIEF.

Where an assignment of error is not copied in the brief, propositions thereunder will not be considered.

Appeal from Nueces County Court; David M. Picton, Jr., Judge.

·Suit by S. Gugenheim and others against J. R. McKelvy and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Pope & Sutherland, of Corpus Christi, for appellants.

FLY, C. J. This is a suit instituted by S. Gugenheim and H. Cohn against J. R. McKelvy and J. C. Baldwin to recover on a promissory note for $350, executed by the last-named parties, appellants herein, a payment of $95.34 being admitted to have been made on the note. Afterwards the death of H. Cohn was suggested, and his only heirs, Anna Cohn and Joseph A. Cohn, were made plaintiffs. Appellants answered by general demurrer and general· denial, and specially answered that they executed the promissory note; that Baldwin at the time of execution of the note obtained from his codefendant, McKelvy, a chattel mortgage on his crop "and all succeeding crops of the said J. R. McKelvy until the note was paid together with other advances made by Baldwin for making crops"; that after the note matured McKelvy delivered to appellees $1,100 worth of cotton on which the mortgage rested, with

the understanding and agreement that out of the proceeds of the cotton the note should be paid, but the same was not done by appellees. The cause was submitted to a jury on special issues, and upon the answers thereto judgment was rendered in favor of appellees for $406.75, with 10 per cent. per annum from date of judgment.

[1] Appellees in a supplemental petition represented, and on the trial proved, that McKelvy was their tenant, and that they made large advances to him to enable him to make a crop. It is the contention of appellants that a mortgage on the crop, executed before the landlord's lien attached, was superior to the last-named lien. The question is raised through a refusal of the trial judge to permit appellant to introduce the chatttel mortgage in evidence. Article 5475, Rev. Stats., gives a landlord "a preference lien upon the property of the tenant, * * * upon such premises, for any rent that may become due and for all money and the value of all animals, tools, provisions and supplies furnished by the landlord to the tenant * * * to make a crop on such premises." It is clear that a mortgage on the crop, given prior to the time when the landlord's lien attached, would not take preference over the latter. The decisions so hold. Neblett v. Barron, 160 S. W. 1167; Ivy v. Pugh, 161 S. W. 939; Burlington State Bank v. Marlin National Bank, 166 S. W. 499; Frith v. Wright, 173 S. W. 453; Caswell v. Lensing, 183 S. W. 75. Appellant Baldwin did not allege that the crop was more than required to pay advances by the landlord, and ask for a judgment for the excess.

[2] J. C. Baldwin sought to introduce evidence as to a conversation between him and H. Cohn, deceased, in which it was stated that appellees would waive their lien as landlords in favor of Baldwin if he furnished money and animals to McKelvy to make a crop. The evidence was not permitted. There was no allegation that Baldwin furnished any animals or money, and there was no plea of waiver of the landlord's lien. Baldwin testified that appellees agreed to protect him for the amounts he might advance to make the crop, but did not intimate that there was a waiver of the lien. The evidence was as to a transaction with and statement by H. Cohn, deceased, and was properly excluded under the terms of article 3690, Revised Statutes, which prohibits such testimony. Stuart v. Altman, 8 Tex. Civ. App. 657, 28 S. W. 461; Bay View Brewing Co. v. Grubb, 31 Wash. 34, 71 Pac. 553. The second assignment of error is overruled.

[3] Without objection upon the part of appellants the court instructed the jury that if they answered the third question, as to a waiver of the landlord's lien and the accept-

ance of 20 bales of cotton to settle the note, in the affirmative, then they should answer issue No. 4. The third issue was answered in the negative, and it was unnecessary to repeat that the 20 bales of cotton were not delivered as indicated. The third assignment is overruled.

[4] No fourth assignment of error is copied in the brief, and consequently propositions thereunder will not be considered.

The judgment is affirmed.

