**HORST v. TOBIN et al. (No. 2272.)**

Court of Civil Appeals of Texas. El Paso.
May 2, 1929.

Rehearing Denied May 30, 1929.

ent executors of the estate of August Horst, deceased, brought this suit in the Fifty-Seventh district court of Bexar county to recover from J. C. Horst certain notes and moneys alleged to be the property of the estate of August Horst, deceased.

In their petition they allege that August Horst died on or about the 20th day of June, 1927; that he left a will in which appellees were appointed independent executors; that said will had been duly probated in Grimes county, Tex.; that August Horst, deceased, had, during the year 1923, employed appellant as his agent for making and effecting certain investments and loans of money for the said August Horst, deceased, and, in pursuance of said employment, had from time to time transmitted to appellant certain sums of money to be loaned for him, amounting to $20,500; that appellant had made certain loans and investments (the petition setting out in detail the investments) in the sum of $18,000, and had in his possession the notes and liens representing the same; that appellant also had in his possession the sum of $2,500 in cash belonging to said estate; that each and all of the above loans and investments were made by appellant for and on behalf of August Horst, deceased, and were made with funds sent to appellant and for said August Horst, deceased; that appellant had collected from time to time, after the death of August Horst, interest payments on said loans, the amount of which was to appellees unknown.

Appellees prayed for an accounting, for title and possession of said notes and liens, and in the alternative for a judgment against appellant for $20,500, with interest.

Appellant answered by general demurrer, a general denial, a plea of limitations, and by special answer alleging that August Horst, in his lifetime, made a gift of the sums of money enumerated in appellees' petition to appellant, upon the condition that appellant was to loan said moneys on real estate in San Antonio, Tex., or invest it in real estate notes secured by first mortgages, and that from said loans and investments August Horst was to receive the interest only; that such interest should be paid only during the lifetime of August Horst; and that appellant, upon the death of August Horst, became the owner of said moneys, together with the income therefrom.

Appellees by supplemental petition demurred to appellant's answer, generally denied the allegations thereof, and specially denied that appellant had ever asserted any claim to the property until after the death of August Horst, but alleged that he was merely the agent of August Horst, and had at all times, prior to his death, recognized the title and ownership of said moneys and securities in the said August Horst.

The case was submitted to the jury on the following special issue:

Hertzberg & Kercheville and Powell & Green, all of San Antonio, for appellant.

J. B. Leigh, of Navasota, for appellees.

PELPHREY, C. J. Mrs. A. C. Tobin, a feme sole, and Charles E. Henry, as independ-

"Were the several sums of money which were transmitted by August Horst to J. C. Horst (from April 3, 1923, to May 14, 1927, inclusive) sent by said August Horst to J. C. Horst on condition that J. C. Horst should loan said money on real estate in San Antonio, Texas, or invest it in real estate notes secured by first mortgages, and from said loans and investments the said August Horst should receive the interest only, and only during his life, the said principal sums to be the property of J. C. Horst on said condition?"

Upon the jury answering the above interrogatory in the negative, the court rendered judgment in favor of appellees and against appellant for the title and possession of the notes and liens (setting them out as in appellees' petition), and for all interest collected on said notes from May 31, 1927, and interest thereon until paid.

It was further ordered by the court that appellant deliver all the notes forthwith to appellees, with proper transfers and conveyances thereof, and all moneys in his hands to appellees, and that appellees have and recover from appellant judgment for such portion of the said sum of $20,500 and of the notes in which said moneys were invested as appellant shall fail to deliver under the terms of the decree.

J. C. Horst has appealed from that judgment.

### Opinion.

Plaintiff, Mrs. A. C. Tobin, testified as follows relative to certain letters and statements which the witness Nance had theretofore testified were signed in the handwriting of appellant:

"I first saw the letters and statements that have been introduced in evidence filed with August Horst's papers, and in looking for the papers of his estate after his death, in his home. I found the statement dated May 31, 1927, that has been introduced in evidence, filed in his letter box where his will was filed. In the same place with the will I found the statement. I found the letters that have been introduced in the old file."

Appellant contends that the above testimony was as to a transaction with the testator within the meaning of article 3716, and should have been excluded upon his objection; that, the court having permitted her, over his objection, to testify to a part of a transaction between him and the testator, it was error not to permit him to testify as to the whole of such transaction; that the court, having admitted declarations and statements of appellant, in the form of letters addressed to testator, which purport to reflect part of the transaction between appellant and the testator, should have permitted appellant to explain the letters and show the whole transaction; that appellees, executors, having introduced in evidence letters of appellant addressed to testator, which purport to reflect

a part of the transaction between them, and having testified in regard to such letters and transaction, opened up the question of such transaction, thereby waived appellant's disqualification, and his testimony in regard to the transaction and in explanation of the letters was entitled to be admitted; and that the letters and statements purporting to have been signed by appellant and purporting to reflect a part of the transaction between appellant and the testator were inadmissible as being testimony of a transaction with a deceased person within the meaning of article 3716.

His further contention is that, one of appellees being a residuary devisee and suing him, a devisee under the will, there being no showing of necessity for administration, the real parties at interest are devisees and legatees for whom the executors merely hold as trustees, and is a case to which article 3716 does not apply, and appellant was entitled to testify as to the transaction with the testator.

We will first direct our attention to the last above mentioned question, as a holding in accord with appellant's views on that question would render immaterial the other questions raised.

As stated in the statement of the case, this action was brought by Mrs. A. C. Tobin and Charles E. Henry in their fiduciary capacity as independent executors, and appellant prayed for a judgment against them decreeing the title to the property in question to be in him. As the case was presented to the court, a judgment in favor of the executors, or against them, was the only judgment that could have been rendered, and therefore falls within the provisions of the statute.

Nor do we agree with appellant that a showing of the necessity for administration was necessary. We find no such provision in the statute, and, under the holdings of our courts, its scope should not be extended by judicial construction.

The next question which naturally arises is that of the competency of Mrs. Tobin to testify to the finding of the letters and statements in the home of the deceased and among his papers.

Appellant claims that such testimony tends to prove the execution of the letters and statements by appellant, delivery of same to testator, retention thereof by testator, and his acquiescence in the matters therein contained; thereby showing a transaction with him.

Article 3716 reads:

"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this

Article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

In discussing the purpose of the statute, our Supreme Court in Parks v. Caudle, 58 Tex. 216, said:

"The statute had in view, primarily, a transaction between parties, one of whom had since died, and whose heirs or representatives were engaged in a suit with the survivor. As to such a transaction neither party was allowed to testify. The survivor should not, because the mouth of the other party to the transaction was forever closed. But the heir or representative, if perchance he knew aught of the facts, although it was not a transaction with him, was also forbidden to testify about it; for to allow him to do so, would be to give him the advantage over one whose mouth the statute had closed."

■ Mrs. Tobin's testimony shows that she found the letters in the home and in the files of the testator, and not as a result of any information received from him, consequently the finding of them after his death involved no transaction between her and the testator. The question of whether her testimony proved a transaction between appellant and the testator appeals to the writer as a much more difficult question.

■ It is always a difficult question as to what constitutes a transaction under the provisions of this and similar statutes, and there seems to be no set rule laid down by the courts for determining the question; but the courts in the many cases in this state, as well as in other states, have decided it upon the facts of the particular case, and not upon any general rule.

■ The finding of the letters among the papers of the decedent, while tending to show that they were received by the testator, is not, in our opinion, testimony of the transaction itself, and therefore does not fall within the prohibitions of the statute. Choate v. Huff (Tex. App.) 18 S. W. 87; Cornelius v. Brawley, 109 N. C. 542, 14 S. E. 78.

As said by Judge Gaines in the case of Moore's Ex'r v. Wills, 69 Tex. 109, 5 S. W. 675:

"The transactions and conversations between two persons are often known to them only; and it would seem that the object of the exception made by the article from which we have quoted, was to preclude the injustice of permitting one party to the record to testify in regard to matters about which, from the very nature of the case, it was not probable that his testimony could be rebutted. Death having sealed the lips of one of the persons who best knew and was most interested in the transaction, it would seem impolitic to remove the bar of the common law which excludes the testimony of the other. This appears to be the reason and spirit of the article cited; and if so, the rule would not apply as to facts and circumstances which, though affecting a transaction, constituted no part of it."

Mrs. Tobin's testimony as to where the letters were found was subject to being rebutted by appellant, if it was false, and therefore, as far as that fact was concerned, the parties were on an equal footing, and the injustice of allowing one party to testify to facts which the other could not dispute because of death or on account of the statute did not exist.

■ If Mrs. Tobin's testimony was admissible, then its introduction by appellees could not have the effect of waiving the disqualification of appellant.

The statute prohibiting parties in suits of this character from testifying, unless called by the opposite party, as to transactions with the deceased, we cannot agree with the contentions of appellant as presented in his first, second, sixth, and seventh propositions.

The case is splendidly argued by both parties, and in the briefs numerous authorities on the questions have been cited.

We have studied the questions carefully, and have concluded that no errors were committed by the trial court, and its judgment is accordingly affirmed.