## COKER et al. v. TONE et al.

### No. 3836.

Court of Civil Appeals of Texas. Texarkana.
March 27, 1930.

Hamp P. Abney, of Sherman, Hamp P. Abney, Jr., of Dallas, and J. H. Randell, of Denison, for plaintiffs in error.

Hare & Batsell, of Sherman, and R. W. Stoddard, of Denison, for defendants in error.

WILLSON, J. (after stating the case as above).

■ Of the seven assignments of error in the brief of plaintiffs in error, the first and seventh are predicated on the action of the trial court (as alleged) in overruling the Cokers' plea in abatement, and the third on the action of said court (as alleged) in overruling special exceptions in the Cokers' amended original answer to the petition. The plea in abatement (admittedly not filed "in due order of pleading") is not a part of the record sent to this court, and there is nothing in that record showing the exceptions in question to have been presented to and acted upon by the court. Therefore, the assignments specified are overruled.

■ The fifth and sixth assignments are predicated on the action of said court in refusing to permit Coker to testify as to transactions he had with said C. C. McCarthy, and as to statements made by the latter, with reference to the note sued on, over the objection of defendants in error based on article 3716, R. S. 1925, as follows: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." Defendants in error H. Tone, Jr., and Emma C. Seay having sued as independent executor and executrix, respectively, as shown in the statement above, it is obvious judgment properly could be rendered "for or against them as such." It is held that an "independent" executor is within the meaning of the statute. Ralls v. Ralls (Tex. Civ. App.) 256 S. W. 688; Horst v. Tobin (Tex. Civ. App.) 18 S.W.(2d) 221. On the facts stated it is plain, we think, that the testimony was inadmissible, and that the court therefore did not err when he excluded it as evidence. Hence, said fifth and sixth assignments are overruled.

The contention presented by the other assignments is that the court erred when he instructed the jury to return a verdict in favor of the defendants in error. In support of the contention, it is insisted it appeared the right to sue on the note was in Emma C. Seay alone. We do not think it so appeared; but, if it did, it would not be a reason, on the record before us, for reversing the judgment at the instance of the Cokers; for in that event Mrs. Seay alone would have a right to complain, because the judgment was not in her favor alone.

The judgment is affirmed.