## HOPKINS v. ROBERTSON et al.

### No. 13996.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 15, 1939.

Rehearing Denied March 29, 1940.

George M. Hopkins, of Denton, for appellant.

Weldon O. Calhoun and Davis & Davis, all of Denton, for appellees.

BROWN, Justice.

Robert H. Hopkins, attorney and counselor at law, who had long lived and practiced his profession in the City of Denton, Denton County, Texas, died February 1, 1938, and his wife, Mrs. Maude M. Hopkins, qualified as administratrix of deceased's estate and took possession of and removed, from the former offices of the deceased, the entire library and furniture and office equipment that had been used by deceased during his life and up to the day of his death.

Appellee Mrs. Avis Hopkins, who was in nowise related to the deceased, but who had been secretary and stenographer for him, acting in such capacities for several years, brought suit against Mrs. Maude Hopkins, alleging conversion of such personal property by Mrs. Maude Hopkins, and alleged that such personal property belonged to her, Mrs. Avis Hopkins, by virtue of the execution and delivery to her by the deceased of a bill of sale which conveyed the title to said property.

Voluminous pleadings and amendments were filed by all parties, but we do not think that we should lengthen this opinion by going into all of the details, since we believe that the case presents only simple questions for our review and determination.

Suffice it to say that Avis Hopkins married one Eber Robertson, after she filed suit herein, and by amendment the husband joined the wife as a plaintiff, and it was alleged that the bill of sale, relied upon to show title in Avis Robertson, after delivery to her, was placed in a file in the offices occupied by her and Robert H. Hopkins, and it was alleged that Mrs. Maude Hopkins took same when she removed all personal property from such offices, and the plaintiffs gave notice to produce the instrument at the trial of the case, and that secondary evidence would be introduced to establish the execution and delivery of same.

The defendant answered by general demurrer, special exceptions, a general denial, and specifically pleaded that if any such bill of sale as that alleged by plaintiffs was ever executed by Robert H. Hopkins, same was procured by undue influence, and further that the execution thereof was in fraud of the rights of the said surviving wife, and in fraud of the rights of the creditors of the deceased, and alleged that the property belonging to Robert H. Hopkins, at the time of his death, was insufficient to pay the debts owing by the deceased, unless the personal property claimed by Avis Robertson is included in the assets of the estate.

The case was tried to a jury and nine special issues were submitted to the jury, on which the following findings were made: (1) that Robert H. Hopkins signed a bill of sale to the personal property involved in this suit conveying the same to Avis Robertson, (2) that Hopkins "acknowledged" the execution of such instrument before R. B. Gambill, (3) that Hopkins delivered such bill of sale to Avis Hopkins, (4) that the bill of sale was executed in consideration of services rendered and to be rendered by Avis Robertson. The answer to issues 5, 6, 11 and 12 find the values of the designated personal property aggregating $1,645. The thirteenth issue asked the jury to find whether or not the execution of the bill of sale, by Robert H. Hopkins, if same was executed by him, was procured by undue influence exerted by Avis Robertson over Robert H. Hopkins. The jury did not answer this issue.

After motion on the part of plaintiff, the trial court rendered judgment for plaintiff for the value of the personal property but expressly provided that in the event the property is delivered to plaintiff the judgment shall be credited with

the value of the property so returned. The judgment is against Mrs. Maude M. Hopkins, individually and as administratrix. From this judgment she has appealed, and we find fifty assignments of error and twenty-six propositions in the brief.

The view we take of this case constrains us to discuss only a few of the points raised.

■ We see no merit in the contention that the probate court alone has jurisdiction of this cause of action.

In the first place it appears that this record does not disclose that the plaintiff is urging a claim against the estate of Robert H. Hopkins, deceased; on the other hand, it affirmatively appears that the defendant, acting individually and as administratrix of the estate of the deceased, has taken possession of personal property which the plaintiff asserts is owned by plaintiff.

We do not think citation of authorities is necessary to sustain us in our judgment.

The same rule of law applies as that which would compel the claimant to bring suit in the district court to recover real property held under like circumstances.

The plea in abatement is not well taken.

■ There is no merit in the contention that having taken the ex parte deposition of the plaintiff and she having refused to answer a certain question propounded to her, the answer must be taken as confessed and judgment should have been rendered against her denying recovery of the personal property, or its value.

Even if the question had been answered, it does not appear how any light could have been shed on the issues presented in this case.

An examination of the question sheds no light on what the answer would have been, and it was not propounded so as to furnish an answer. The question simply asked the plaintiff to give a list of all property, not including wearing apparel, that she had acquired during the last two years, to state where same was acquired, what was paid therefor and how the payments were made.

The mere fact that the plaintiff had sued for the title to and possession of certain personal property alleged to have been acquired by her through a bill of sale, and refused to answer the above mentioned question and was unable, on the trial, to produce the bill of sale, does not, in our opinion, change the rule of law and did not require the trial court to give the defendant a peremptory charge.

We see no merit in the contention that, the personal property being a part of the community estate, the court erred in rendering judgment for the plaintiff.

■ No citation of authorities is necessary to support the right of the husband to sell and convey a portion of the community estate without the joinder of his wife. And, unless the sale or transfer were made without any consideration passing and was done in fraud of the wife's rights, the title would pass.

■ The plaintiff proved by a resident citizen, a lawyer, whose reputation for truth and fair dealing was not attempted to be assailed, that the deceased called him to deceased's office, that deceased had a bill of sale in his hand, told the witness what it purported to convey and to whom it was conveyed, and requested the witness to take his acknowledgment of the execution of same, that deceased told the witness why he wanted this done, that witness did as he was requested to do, and that the bill of sale was then and there delivered to the plaintiff. This witness detailed the substance of the instrument. He was corroborated by other witnesses whose testimony is not impeached.

The plaintiff testified to placing the bill of sale in a certain file in the offices occupied by her and the deceased, and accounted for not being able to produce it in open court.

The jury found that the bill of sale was executed and delivered and that it was executed and delivered for a valuable consideration.

Frankly, with such testimony before the jury, none of which is contradicted and none of the witnesses so testifying having been impeached, we do not see how any other verdict could have been returned.

We see no merit in the contention that the plaintiff should have been required to elect as to her remedies, that is, that she should have elected to recover the value of the personal property, or the title to and possession of the same.

We do not view the judgment, in the light of the criticism urged, as being such as it is asserted to be.

■ We think the trial court rendered a judgment that was most equitable and fair to the defendant. A money judgment has been rendered against the defendant for the value of the personal property taken and held by her, but by the very terms of the judgment the defendant may discharge it by returning the personal property to the plaintiff.

We find here no double recovery and no injustice done the defendant.

Without going into the evidence adduced before the court, we hold that the trial court correctly found that there is no evidence to support the issue covering "undue influence" (issue No. 13, supra). The issue therefore was not material.

■ We see no merit in the contentions made with reference to the refusal of the trial court to give a number of special issues requested by the defendant.

These issues fall into two classes, namely: those that touch upon matters submitted by the court in the charge, and those not raised by the evidence.

■ We see no merit in the contention that the plaintiff was permitted to testify to transactions with the deceased, in contravention of the statute. Art. 3716, R.C.S.

In the instant suit the defendant took the ex parte deposition of the plaintiff and specifically interrogated her about the bill of sale in question. Under such circumstances, the plaintiff had a perfect right to go on the witness stand during the trial and testify fully concerning the execution and delivery of the bill of sale, and to all facts attendant upon its execution and delivery. And this is true even where the ex parte deposition is not put in evidence by the opposing party who caused it to be taken. Our Supreme Court so holds. See Allen v. Pollard, 109 Tex. 536, 212 S.W. 468.

■ The trial court did not err in permitting the plaintiff to testify, as was done, but should have permitted her to testify more in detail concerning the matters about which she was interrogated in the ex parte deposition, if she had offered to do so. Furthermore, the testimony, which was given by the plaintiff and of which complaint is made, presents the identical question decided in Choate v. Huff et al., 4 Willson, Civ.Cas.Ct.App. § 280, 18 S.W. 87, 88. In that case it is said: "Appellant proposed to prove, when upon the stand as a witness, that he had lost a note which purported to have been signed by the deceased, and given to him, and which was the subject-matter of this suit. * * * We are of opinion that the statute quoted [now Art. 3716, R.C.S.] is not intended to prohibit a party from testifying to things which are independent of the act or transaction on the part of the deceased; in other words, if this appellant could testify that he at one time had in his possession a note which purported to be signed by the deceased, and which note had subsequently been lost by him, such fact was certainly a fact independent of any act on the part of or transaction with the deceased. It would still be a question, and which fact is the very question in this case, as to whether or not the deceased had executed such a note as the one sued on. While such testimony was offered for the purpose of proving the independent fact that the plaintiff had had in his possession such a note, it could not be used as evidence of the fact that deceased had executed such note, and the court should, under the circumstances, have admitted the testimony, and have so instructed the jury."

That is exactly what the trial court did in the instant suit—admitted the testimony and limited it by appropriate instruction. The above cited authority is followed and cited in Horst v. Tobin et al., Tex.Civ.App., 18 S.W.2d 221, 224, writ refused, in which we find a quotation from Mr. Justice Gaines in the case of Moores v. Wills, 69 Tex. 109, 5 S.W. 675, speaking of the rule laid down by Art. 3716, R.C.S.: "* * * the rule would not apply as to facts and circumstances which, though affecting a transaction, constituted no part of it."

We have carefully examined all propositions and all assignments of error and after duly considering same we overrule them.

The judgment of the trial court is affirmed.