In the Matter of D___ R___ D___.

No. 8669.

Court of Civil Appeals of Texas, Amarillo.

May 10, 1976.

Edwards & Associates, Larry A. Elms, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Cindy L. Miller, Lubbock, for appellee.

REYNOLDS, Justice.

Adjudicated to have engaged in delinquent conduct and ordered committed to the Texas Youth Council, D__ R__ D__ contends that the decisions are not supported by the evidence and that the trial court abused its discretion by not considering a viable alternative disposition suggested in his overruled motion for new trial. The contentions have not been developed to reflect error. Affirmed.

■ The presentation of the point of error by which D__ R__ D__ asserts the adjudication and disposition are not supported by the evidence is not adequate to maintain the point. Rule 418(c) * specifies that the requisite to maintain a point of error is a fair, condensed statement of the facts pertinent to the point with references to the pages in the record where those facts may be found, and a discussion of the facts and authorities relied upon. Nowhere in the brief for D__ R__ D__ is there any statement of or page reference to the evidence. Although D__ R__ D__ requests that we "consider whether or not the adjudication and disposition decisions are supported by the evidence," his full discussion of the point is that he "would argue that neither is supported by the evidence. It is strongly urged that there is insufficient evidence to warrant the trial court's finding in the disposition hearing." No authorities are cited in support of the point. Where, as here, Rule 418(c) is not complied with, the appellate court has no duty to make an independent search of the statement of facts to ascertain if the point of error has merit. *Saldana v. Garcia,* 155 Tex. 242, 285 S.W.2d 197, 200–01 (1955). By the omission of the required discussion of the facts and the authorities relied upon, D__ R__ D__ has waived the point of error. *Frazier v. Wynn,* 492 S.W.2d 54, 61 (Tex.Civ.App.— Amarillo 1973, writ ref'd n. r. e.).

■ Nevertheless, if the point had been maintained, it would have to be overruled. Our review of the record in connection with the appeal reveals that the evidence not only is legally and factually sufficient to support the trial court's adjudication and disposition, but it is overwhelming. Suffice it to state that after the careful trial judge thoroughly admonished D__ R__ D__ at the beginning and during the adjudication hearing, D__ R__ D__, with the consent of his counsel, judicially admitted in open court that he had engaged in the delinquent conduct charged and proved by the unchallenged testimony of other witnesses. At the disposition hearing, the undisputed evidence was that: D__ R__ D__ had engaged in prior acts of unlawful conduct; neither his widowed mother nor his married sister in whose custody he had been placed was able to assist him in adjusting to a normal school environment or to provide proper supervision to prevent his unlawful conduct; within hours after he had been placed in a "no security" detention house, D__ R__ D__ walked away, and his proposed placement in the home of his deceased father's single, male cousin, or in the home of a man who hoped to marry his mother, offered no more than a willingness by them to try to supervise D__ R__ D__; and that a clinical psychologist's examination and testing revealed that D__

---

* All cited rules are the Texas Rules of Civil Procedure.

R____ D____ could not cope with the normal school setting, but he could adjust to the type of schooling shown to be provided by the Texas Youth Council.

Seven days following the order of commitment to the Texas Youth Council, D____ R____ D____ moved for a new trial on the bare allegation that his married brother, a local resident, was willing to provide him a home and support and discipline, a viable alternative not known to him at the time of the disposition hearing. This motion for new trial, and an amended one filed eighteen days later, were neither verified nor supported by affidavits; neither motion states why the alternative offered by his own brother was not previously known to D____ R____ D____; neither gives any additional facts concerning the alternative; and there is no factual statement of the diligence exercised to develop this new information. The record is devoid of any indication that the motion was presented to or acted on by the trial judge and, consequently, it was overruled by operation of law. Rule 329b, § 4.

On appeal, D____ R____ D____ contends that the trial court erred in overruling his motion for new trial and, after becoming aware of the alternative disposition stated in the motion, abused its discretion in failing to reconsider its disposition decision. The immediate difficulty with this presentation is that the motion was not, as Rule 329b, § 4, directs that it shall be, presented to the court for its consideration. Beyond that, if the motion had been presented ad overruled by the court, there would be no error. The motion is clearly deficient because of the absence of affidavits of the non-record facts suggested by the motion, *Moores v. Wills,* 69 Tex. 109, 5 S.W. 675, 677–78 (1887), and the failure to aver facts, either in the motion or by affidavit, bearing on the diligence used to sooner discover the new evidence of the alternative disposition. R. McDonald, 4 Texas Civil Practice § 18.-16.3 (1971). Under the circumstances, then, the contentions now made have not been developed to reflect error.

The judgment is affirmed.