**Julia Nami SNEAD, Executrix of the Estate of Herman G. Nami, Deceased, Appellant,**

v.

**Thelma NAMI, Administratrix of the Estate of Otto G. Nami, Deceased, Appellee.**

No. 13392.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 15, 1958.

Vaughan & Vaughan, San Antonio, for appellant.

Henry B. Dielmann, Pat Maloney, San Antonio, for appellee.

POPE, Justice.

In January, 1957, Thelma Nami, Administratrix of the Estate of Otto G. Nami, Deceased, sued Herman Nami on a promissory note and chattel mortgage for an unpaid balance of $16,687.66. Defendant, Herman Nami, answered by an unsworn general denial and a claim that he was entitled to additional credits. Herman Nami died, and on February 17, 1958, plaintiff filed an amended petition against Julia Nami Snead, Independent Executrix of the Estate of Herman G. Nami, and the executrix filed special exceptions, an unsworn denial, and a plea that there should be certain additional credits on the note. On February 17, 1958, the court heard the exceptions to plaintiff's petition, overruled some of them and sustained others. On April 23, 1958, defendant executrix invoked Section 147, Probate Code, V.A.T.S., and asked for a stay of the action until one year from October 15, 1957, the date of her appointment. The trial court denied the motion and, after trial, granted judgment for the plaintiff for the amount of the claimed balance, interest and attorney's fees. Plaintiff did not assert her right to foreclosure of the chattel mortgage. The

sole point on this appeal is whether the court properly denied the defendant's motion to stay the proceedings.

Section 147, Probate Code, provides that an independent executor shall not be required to plead to any suit brought against him for money until after one year from the date of the probate of the will appointing him. At least two precedents hold that an independent executor can not avail himself of Section 147 to stay a suit which was pending against a defendant at the time of his death. Hagelstein v. Blaschke, Tex. Civ.App., 149 S.W. 718, 720; Altgelt v. D. Sullivan & Co., Tex.Civ.App., 79 S.W. 333, 339.

The judgment is affirmed.